# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

```
---------------------------------------------------- X
SUSAN SWETZ, individually on            :        CASE NO. 7:20-cv-04731-NSR
behalf of herself and all others similarly :
situated,                               :
                                        :
                Plaintiffs,             :
                                        :
        -against-                       :
                                        :
GSK Consumer Health, Inc.,              :
                                        :
                Defendant.              :
                                        :
---------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/8/2021

## ORDER GRANTING PRELIMINARY APPROVAL TO CLASS ACTION SETTLEMENT, PROVISIONALLY CERTIFYING SETTLEMENT CLASS, DIRECTING NOTICE TO THE SETTLEMENT CLASS, AND SCHEDULING FINAL APPROVAL HEARING

Upon consideration of Plaintiffs' Susan Swetz and Phillip White ("Plaintiffs") unopposed motion for preliminary approval, and the entire record herein, and having reviewed the submissions of Counsel, the Court grants preliminary approval to the settlement set forth in Parties' Settlement Agreement (ECF No. 46-1 at 1-46) upon the terms and conditions set forth in this Preliminary Approval Order. The Court hereby adopts and incorporates the terms of the Settlement Agreement for the purposes of this Preliminary Approval Order, including the Definitions set forth in the Settlement Agreement. The Court now orders as follows:

1.     **<u>Findings of Fact</u>**.

    a.     Plaintiffs filed their unopposed motion for preliminary approval before the Court on May 10, 2021, with the consent of GSK Consumer Health, Inc. and GlaxoSmithKline Consumer Healthcare Holdings (US) LLC (together, "GSK").

b.     On June 19, 2020, Plaintiff Susan Swetz filed a Class Action Complaint against GSK Consumer Health, Inc. based on its alleged false and misleading labeling and packaging of its Covered Products. (ECF No. 1). On November 3, 2020, GSK Consumer Health, Inc. served Plaintiff with a motion to stay or dismiss the Complaint and a motion to transfer or in the alternative to strike nationwide class allegations. On December 16, 2020, an Amended Complaint was filed.

c.     The Amended Complaint asserts claims on behalf of a nationwide class of consumers regarding, among other things, the use of phrases "100% Natural," "natural," and "clinically proven" and similar statements on labeling for the Covered Products and in marketing and advertising materials for Covered Products, when (a) the Covered Products' sole ingredient, wheat dextrin, allegedly is non-natural or synthetic and (b) the "clinically proven" claim allegedly is not clinically supported.  Plaintiff Swetz asserted various common law and statutory claims, alleging that  Defendant's use of these statements and claims is false, deceptive, and likely to mislead the reasonable consumer.

d.     On June 17, 2020, Plaintiff Phillip White filed a Class Action Complaint against GlaxoSmithKline Consumer Healthcare Holdings (US) LLC in the Northern District of California based on the similar alleged misrepresentations. *White v. GlaxoSmithKline Consumer Healthcare Holdings (USA) LLC*, (No. 5:20-cv-04048) (N.D. Cal.) (together with this action, the "Litigation").  A First Amended Complaint was filed on August 27, 2020 in response to GlaxoSmithKline Consumer Healthcare Holdings (US) LLC's initial motion to stay or dismiss and alternative motion to transfer or strike the

nationwide class allegations. On September 24, 2020, Defendant filed a motion to transfer the case and a motion to dismiss the First Amended Complaint. On November 17, 2020, the court denied the motion to transfer and granted in part and denied in part the motion to dismiss, with leave to amend. Plaintiff White filed his Second Amended Complaint on November 30, 2020.

e.       The Second Amended Complaint in *White* makes substantially the same allegations as the Amended Complaint in this action.

f.       The Parties conducted an extensive and thorough examination, investigation, and evaluation of the relevant law, facts, and allegations to assess the merits of the potential claims to determine the strength of both the defenses and liability sought in the Litigation.

g.       As part of that investigation, Class Counsel conducted a detailed and extensive analysis of the underlying claims, including an analysis of the relevant consumer protection laws, research regarding similar cases, and review of all available information related to the sale of the Covered Products.

h.       Class Counsel evaluated the various state consumer protection laws, as well as the legal landscape, to determine the strength of the claims, the likelihood of success, and the parameters within which courts have assessed settlements similar to this proposed settlement.

i.       The Parties have entered into a Settlement Agreement in which the Parties have agreed to settle the Litigation, pursuant to the terms of the Settlement Agreement, subject to the approval and determination by the Court as to the fairness, reasonableness, and adequacy of the settlement, which, if approved, will result in dismissal of the Litigation

with prejudice; and the Court has reviewed the Settlement Agreement, including the exhibits attached thereto, and all prior proceedings herein, and has found good cause based on the record, to enter this Preliminary Approval Order.

2. **Preliminary Settlement Approval**. The provisions of the Settlement Agreement are hereby preliminarily approved. The Court preliminarily approves the settlement set forth in the Settlement Agreement as being within the range of possible approval as fair, reasonable, and adequate within the meaning of Federal Rule of Civil Procedure 23 and the Class Action Fairness Act of 2005. The Court finds on a preliminary basis that the settlement falls within the range of reasonableness because the settlement has key indicia of fairness, in that (a) the Parties reached the Settlement after investigating the strengths and weaknesses of the claims, (b) the extensive negotiations were contentious, arm's-length, and assisted by multiple sessions with professional mediator Hon. Morton Denlow (Ret.), (c) there is no evidence of collusion in reaching this settlement; and (d) the proponents of the settlement are experienced in similar litigation. The Court also finds that notice to the Settlement Class is warranted.

3. **Preliminary Class Certification for Settlement Purposes Only**. The Court preliminarily finds, based on the terms of the settlement described in the Settlement Agreement and for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact that are common to the Settlement Class, and that those questions of law and fact predominate over any questions affecting any individual Settlement Class Member; (c) Plaintiffs' claims are typical of the claims of the Settlement Class Members they seek to represent for purposes of the settlement; (d) Plaintiffs and Class Counsel have fairly and adequately represented the interests of the Settlement Class and will continue to do so; and (e) a class action provides a fair and efficient method for settling the

controversy under the criteria set forth in Rule 23. The Court also concludes that, because the Litigation is being settled rather than litigated, the Court need not consider manageability, efficiency, or judicial economy issues that might otherwise be presented by the trial of a class action involving the issues in the Litigation.

Having made these findings in the specific context of this settlement, the Court hereby provisionally certifies the following Settlement Class for settlement purposes only pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3):

> All individuals who purchased Benefiber Healthy Shape Prebiotic Powder Fiber Supplement, Benefiber Original Prebiotic Powder Fiber Supplement, Benefiber Sugar-Free Powder Fiber Supplement, Benefiber Prebiotic Powder Fiber Supplement On-The-Go Stick Packs (Flavored or Unflavored), and/or Benefiber Prebiotic Fiber Supplement Chewables for personal or household use, and not for resale, in the United States during the Class Period. Specifically excluded from the Class are (i) GSK, its officers, directors, affiliates, legal representatives, employees, successors, and assigns, and entities in which GSK has a controlling interest; (ii) judges presiding over the Litigation; and (iii) local, municipal, state, and federal governmental entities.

As defined in the Settlement Agreement, the term "Class Period" means the time period from June 19, 2014 through the Preliminary Approval Date.

4. **Co-Lead Class Counsel and Class Representatives.** The Court appoints Jason P. Sultzer of The Sultzer Law Group; Melissa S. Weiner of Pearson, Simon & Warshaw, LLP; Douglas J. McNamara of Cohen Milstein Sellers & Toll PLLC; Gary E. Mason of Mason Lietz & Klinger LLP; Charles E. Schaffer of Levin Sedran & Berman; Ryan J. Clarkson and Katherine A. Bruce of Clarkson Law Firm, P.C.; and Christopher D. Moon of Moon Law APC. as Co-Lead Class Counsel. Plaintiffs Susan Swetz and Phillip White are hereby appointed as Class Representatives.

5.     **Jurisdiction**. The Court has subject-matter jurisdiction over the Litigation pursuant to 28 U.S.C. §§ 1332 and 1367 and personal jurisdiction over the Parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391.

6.     **Final Approval Hearing**. A Final Approval hearing shall take place before this Court, via teleconference\* on the day of November 18, 2021 at 10:00 a.m., details of which to be provided before the Final Approval Hearing on the Settlement Website, to determine, among other things: (a) whether the Litigation should be finally certified as a class action for settlement purposes pursuant to Rule 23(a) and (b)(3); (b) whether the settlement of the Litigation should be finally approved as fair, reasonable, and adequate pursuant to Rule 23(e); (c) whether the Litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) whether Settlement Class Members should be bound by the Release set forth in the Settlement Agreement; (e) whether Settlement Class members and related persons should be permanently enjoined from pursuing lawsuits based on transactions and occurrences at issue in the Litigation; (f) whether the application of Plaintiffs' counsel for an Attorneys' Fee, Cost, and Service Award should be approved pursuant to Rule 23(h); and (g) whether the application of the Plaintiffs for a Service Award should be approved. The submissions of the Parties in support of final approval of the settlement, including Plaintiff's counsel's application for an Attorneys' Fees, Cost, and Service Awards, shall be filed with the Court no later than forty-five (45) days after the Preliminary Approval Date.

7.     **Administration and Appointment of the Settlement Administrator.** In consultation with, and with the approval of, GSK, Class Counsel is hereby authorized to establish

the means necessary to administer the proposed settlement and implement the Claim process, in accordance with the terms of the Settlement Agreement. JND Legal Administration is hereby appointed by the Court as the Settlement Administrator, whose reasonable fees and costs are to be paid from the Gross Settlement Fund in accordance with the Settlement Agreement. The Settlement Administrator shall perform and comply with all notice and administration duties ascribed to it in the Settlement Agreement, this Preliminary Approval Order, and subsequent orders that may be entered by this Court in this case.

8.  **<u>Findings Concerning Notice.</u>** The Court finds that the form, content, and method of giving notice to the Settlement Class as described in the Settlement Agreement and the notices attached as exhibits to the Settlement Agreement: (a) will constitute the best notice practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Litigation, the terms of the proposed settlement, and their rights under the proposed settlement, including, but not limited to, their rights to object to or exclude themselves from the proposed settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; (d) meet all applicable requirements of law, including, but not limited to, 28 U.S.C. § 1715, Rule 23(c), the Due Process Clause(s) of the United States Constitution, and any other applicable laws; and (e) fairly and adequately informs Settlement Class Members that if they do not comply with the specified procedures and the deadline for objections, they will lose any opportunity to have any objection considered at the Final Approval Hearing or to otherwise contest approval of the settlement or appeal from any order or judgment entered by the Court in connection with the settlement. The Court further finds that all of the notices are written in simple terminology, will be readily

understandable by Settlement Class Members, and are materially consistent with the Federal Judicial Center's illustrative class action notices.

9. **Class Notice.** Having reviewed the Settlement Notice and Notice Plan and in light of the findings in the previous Paragraph, the proposed Settlement Notice and Notice Plan described in the Settlement Agreement and the Exhibits attached to the Settlement Agreement are hereby approved:

    a. Not later than ten (10) days after the Preliminary Approval Date, the Settlement Administrator shall establish the Settlement Website utilizing the domain name www.NationalBenefiberSettlement.com. The Settlement Website will inform Settlement Class Members of the terms of the Settlement Agreement, their rights, dates and deadlines, and related information. The Settlement Website shall include, in Portable Document Format ("PDF"), materials agreed upon by the Parties and as further ordered by this Court.

    b. Not later than ten (10) days after the Preliminary Approval Date, the Settlement Administrator shall establish a toll-free telephone number that will provide settlement-related information to Settlement Class Members as set forth in the Settlement Agreement.

    c. The Settlement Administrator shall commence the Notice Plan no later than fourteen (14) days after the Preliminary Approval Date and timely disseminate any remaining notice, as stated in the Settlement Agreement and/or the Affidavit of the Settlement Administrator.

d.  GSK and Class Counsel will provide the Settlement Administrator with reasonably available and accessible information that identifies possible members of the Settlement Class from their existing records.

e.  GSK shall notify the appropriate Federal and State officials under the Class Action Fairness Act of 2005 and 28 U.S.C. § 1715. Proof of compliance will be filed with the Motion for Final Approval.

10.  **Creation of Settlement Fund.**  Within seven (7) days after the Preliminary Approval Date, GSK will deposit or cause to be deposited into the Settlement Escrow Account the cash sum of Five Hundred Thousand Dollars ($500,000.00).

11.  **Requests for Exclusion from the Settlement Class.**  Any Settlement Class Member who wishes to be excluded from the Settlement Class may elect to opt out of the settlement, relinquishing his or her rights to monetary compensation under the Settlement Agreement. Settlement Class Members who opt out of the settlement will not release their claims that accrued during the Class Period. To validly request exclusion from the Settlement Class, a member of the Settlement Class must submit a written request to opt out to the Settlement Administrator so that it is postmarked by the Objection and Opt-Out Deadline stating that "I wish to exclude myself from the Settlement Class in the Benefiber Class Action Settlement" (or substantially similar clear and unambiguous language). That written request shall contain said Person's printed name, address, telephone number, email address, and date of birth. The request for exclusion must contain the actual written or electronic signature of said Person seeking to exclude himself or herself from the Settlement Class. The Settlement Administrator will provide copies of all requests for exclusion to counsel for the Parties on a weekly basis by email. Any Settlement Class Member who does not submit a valid and timely written request for exclusion

shall be bound by all subsequent proceedings, orders and judgments in this Litigation, including, but not limited to, the Release, the Final Approval Order, and the Final Judgment, even if such Settlement Class Member has litigation pending, or subsequently initiates litigation, against any Released Party relating to the Released Claims. A member of the Settlement Class who opts out can, on or before the Objection and Opt-Out Deadline, withdraw their request for exclusion by submitting a written request to the Settlement Administrator stating their desire to revoke their request for exclusion along with their written or electronic signature.  Any statement or submission purporting or appearing to be both an objection and an opt-out shall be treated as a request for exclusion. Not later than seven (7) days after the Objection and Opt-out Deadline, the Settlement Administrator shall provide to Co-Lead Class Counsel and Counsel for GSK a complete list of opt-outs together with copies of the opt-out requests and any other related information.

12.     **Objections and Appearances.** A Settlement Class Member who does not submit a written Request for Exclusion may object to the settlement pursuant to Paragraphs E.24.-27. of the Settlement Agreement. A Settlement Class Member who wishes to submit an objection must deliver to the Court and the Settlement Administrator so that it is postmarked by the Objection and Opt-Out Deadline, a detailed written statement of the objection(s) and the aspect(s) of the settlement being challenged, as well as the specific reasons, if any, for each such objection, including any evidence and legal authority that the Settlement Class Member wishes to bring to the Court's attention.

   a.     That written statement shall contain (i) the Settlement Class Member's printed name, address, telephone number, and date of birth; (ii) evidence showing that the objector is a Settlement Class Member; (iii) any other supporting papers, materials, or briefs that the Settlement Class Member wishes the Court to consider when

reviewing the objection; (iv) the actual written or electronic signature of the Settlement Class Member making the objection; and (v) a statement on whether the objecting Settlement Class Member and/or his or her counsel intend to appear at the Final Approval Hearing.

b.   A Settlement Class Member may object on his or her own behalf or through an attorney; however, even if represented, the Settlement Class Member must individually sign the objection and all attorneys who are involved in any way asserting objections on behalf of the Settlement Class Member must be listed on the objection papers. Counsel for the Parties may take the deposition of any objector prior to the Final Approval Hearing in a location convenient for the objector (or by remote video deposition if necessary due to the COVID-19 pandemic).

c.   Any objector serves a timely written objection as described above may appear at the Final Approval Hearing, either in person at their own expense or through personal counsel hired at the objector's expense, to object to the fairness, reasonableness, or adequacy of any aspect of the settlement on the basis set forth in his or her objection. As noted above, objectors or their attorneys who intend to make an appearance at the Final Approval Hearing must state their intention to appear in the objection delivered to the Settlement Administrator and the Court.

d.   Any Settlement Class Member who fails to comply with the provisions of Paragraphs E.24.-27. shall waive and forfeit any and all rights that he, she, or it may have to appear separately and/or to object to the settlement, and shall be bound by all the terms of this Settlement Agreement and by all proceedings, orders and judgments in the Litigation, including, but not limited to, the Release, the Final

Approval Order, and the Final Judgment, even if such Settlement Class Member has litigation pending or subsequently initiates litigation, against any Released Party relating to the Released Claims.

e.      The exclusive means for any challenge to this settlement shall be through the provisions of Paragraphs E.24.-27. Without limiting the foregoing, any challenge to the Settlement Agreement, the Final Approval Order, the Final Judgment, or any Attorneys' Fee, Cost, and Service Award Order shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

f.      An objector shall be entitled to all of the benefits of the settlement if this Settlement Agreement and the terms contained herein are approved, as long as the objector complies with all requirements of this Settlement Agreement applicable to Settlement Class Members, including the timely and complete submission of a Claim Form and other requirements herein. A Settlement Class Member who objects can, on or before the Objection and Opt-Out Deadline, withdraw their objection by submitting a written request to the Settlement Administrator stating their desire to withdraw their objection along with their signature.

g.      If a Settlement Class Member or counsel for the Settlement Class Member who submits an objection to this settlement has objected to a class action settlement on any prior occasion, the objection shall also disclose all cases in which they have filed an objection by caption, court and case number, and for each case, the disposition of the objection.

h.      The Parties shall be entitled to file responses to any objections to the settlement no later than seven (7) days prior to the Final Approval Hearing.

13.     **Disclosures.** The Settlement Administrator, Counsel for GSK, and Class Counsel shall promptly furnish to each other copies of any and all objections or written requests for exclusion that might come into their possession.

14.     **Settlement Escrow Account.** The Court hereby approves the establishment of the Settlement Escrow Account. The Settlement Escrow Account shall be governed by the terms set forth in the Escrow Agreement and Section 1.468B-1 through 1.468B-5 of the Treasury Regulations to maintain the Settlement Escrow Account as a "qualified settlement fund," and the Parties agree to work in good faith to maintain such status. The Court shall retain continuing jurisdiction over the Settlement Escrow Account, pursuant to Section 1.468B-1(c)(1) of the Treasury Regulations. The Settlement Escrow Account is to be established to resolve or satisfy one or more claims that have resulted or may result from an event that has occurred and that has given rise to at least one claim asserting liabilities. The assets of the Settlement Escrow Account are to be segregated from other assets of GSK, the transferor of the payments to the Settlement Escrow Account. Under the "relation back" rule provided under Section 1.468B-1(j)(2)(i) of the Treasury Regulations, the Court finds that GSK and the Settlement Administrator may jointly elect to treat the Settlement Escrow Account as coming into existence as a "qualified settlement fund" on the latter of the date the Settlement Escrow Account meets the requirements of this Paragraph of this Preliminary Approval Order or January 1 of the calendar year in which all of the requirements of this Paragraph of this Preliminary Approval Order are met. If such a relation-back election is made, the assets held in the Settlement Escrow Account on such date shall be treated as having been transferred to the Settlement Escrow Account on that date.

15.     **Termination of Settlement.** This Preliminary Approval Order shall become null and void and shall not prejudice the rights of the Parties, all of whom shall be restored to their

respective positions existing immediately before this Court entered this Order, if: (a) the settlement is not finally approved by the Court, or does not become final and effective, pursuant to the terms of the Settlement Agreement; (b) the settlement is terminated in accordance with the Settlement Agreement; or (c) the settlement does not become effective as required by the terms of the Settlement Agreement for any other reason. In such event, the settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders relating to the settlement, including this Preliminary Approval Order, shall be used or referred to for any purpose. The certification of the Settlement Class provided for herein will be vacated and the Litigation shall proceed as though the Settlement Class had never been certified, without prejudice to any party's position on the issue of class certification or any other issue. In such event, GSK retains all rights to assert that the Litigation may not be certified as a class action, other than for settlement purposes.

16.     **Stay of Proceedings**. Pending the Final Approval Hearing, the Court hereby also stays all proceedings in this case, other than those proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over this action.  Moreover, pending final determination of whether the settlement should be approved, Plaintiffs, all other Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, or prosecute any action that asserts Released Claims against any Released Party in any court or tribunal, unless they file a timely and valid request for exclusion from the settlement. Such injunction shall remain in force until the Effective Date or until such time as the Parties notify the Court that the settlement has been terminated. Under the All Writs Act, the Court

finds that issuance of this nationwide stay and injunction is necessary and appropriate in aid of the Court's jurisdiction over this action. The Court finds no bond is necessary for issuance of this injunction.

17. **Effect of Settlement Agreement and Preliminary Approval Order**. The Parties entered this settlement for the sole purpose of attempting to consummate a settlement of the Litigation on a class-wide nationwide basis. This Settlement Agreement is made in compromise of disputed claims and shall not be construed as a presumption, concession, or admission by or against any Party of any default, liability, or wrongdoing as to any facts or claims alleged or asserted in the action, or in any action or proceedings, whether civil, criminal, or administrative, including, but not limited to, factual or legal matters relating to any effort to certify the action as a class action. Nothing in this Preliminary Approval Order or pertaining to the Settlement Agreement, including any of the documents or statements generated or received pursuant to the claims administration process, shall be used as evidence in any further proceeding in this case or any other litigation or proceeding, including, but not limited to, motions or proceedings seeking treatment of the action as a class action. Because this is a class action settlement, this Settlement Agreement must receive preliminary and final approval by the Court. It is an express condition of this Settlement Agreement that the Court shall enter the Final Approval Order and Final Judgment and that the Settlement Agreement reach the Effective Date. In the event that the Effective Date does not occur, this Settlement Agreement shall be terminated and only those provisions necessary to effectuate such termination and to restore fully the Parties to their respective positions before entry of this Settlement Agreement shall be given effect and enforced. In such event, the Parties shall bear their own costs and attorneys' fees in all respects, including without limitation with regard to the efforts to obtain any Court approval under this Settlement Agreement (except the

costs of the Notice Plan and Settlement Administration actually incurred at the time of termination, which shall be borne solely from the Gross Settlement Fund).

18. **Retaining Jurisdiction**. This Court shall maintain continuing jurisdiction over these settlement proceedings to assure the effectuation thereof for the benefit of the Settlement Class.

19. **Further Efforts.** Co-Lead Class Counsel and Counsel for GSK are hereby authorized to use all reasonable procedures in connection with approval and administration of the settlement that are not materially inconsistent with this Preliminary Approval Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the Settlement Agreement, to the form or content of the Settlement Notice, or to the form or content of any other exhibits attached to the Settlement Agreement, that the Parties jointly agree are reasonable or necessary, and which do not limit the rights of Settlement Class Members under the Settlement Agreement.

20. **Continuance of Hearing**. The Court reserves the right to adjourn or continue the Final Approval Hearing without further written notice to the Settlement Class, although any updates concerning the date, time, and/or format of the Final Approval Hearing shall be posted to the Settlement Website.

21. The Court sets the following schedule for the Final Approval Hearing and the actions which must precede it:

> a. Settlement Administrator shall commence notice program by no later than June 22, 2021

b. Settlement Administrator shall establish the Settlement Website and toll-free phone number by no later than June 18, 2021.

c. Plaintiffs shall file their Motion for Final Approval and Motion for Attorneys' Fees, Cost, and Service Awards by no later than August 3, 2021.

d. Requests from Settlement Class Members to exclude themselves must be postmarked by no later than September 7, 2021.

e. Settlement Class Members must send any objections to the Court and Settlement Administrator postmarked no later than September 7, 2021.

f. Claim Forms from Settlement Class members must be postmarked by no later than October 6, 2021.

g. The Parties must file any responses to objections by no later than November 11, 2021.

h. The Settlement Administrator must file or cause to be filed, if necessary, a supplemental declaration with the Court by no later than November 12, 2021.

     i.   The Final Approval Hearing shall take place before this Court, at a hearing before the Honorable Nelson S. Román, via teleconference* on the day of November 18, 2021 at 10:00 a.m., details of which to be provided before the Final Approval Hearing on the Settlement Website.

**\* To access the teleconference, please follow these directions:  (1) Dial the Meeting Number: (877)336-1839; (2) Enter the Access Code: 1231334 #; Press Pound (#) to enter the teleconference as a guest.**

**SO ORDERED**

DATED:     June 8, 2021
                White Plains, New York                    Honorable Nelson S. Román