USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/22/2021

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSAN SWETZ, individually on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GSK Consumer Health, Inc.,<br><br>Defendant. | Case No.: 7:20-cv-04731-NSR |

### ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT AND CERTIFYING SETTLEMENT CLASS

NELSON S. ROMÁN, United States District Judge:

Susan Swetz ("**Plaintiff**"), along with Plaintiff Phillip White in *White v. GlaxoSmithKline Consumer Healthcare Holdings (US) LLC,* Case No. 5:20-cv-04048-SVK (N.D. Cal.) ("*White*") (together, Plaintiff and White are "**Plaintiffs**") and GSK Consumer Health, Inc. and GlaskoSmithKline Consumer Healthcare Holdings (US) LLC's (together, "**GSK**" or "**Defendants**") entered into a Settlement Agreement (the "**Settlement Agreement**") (Doc. 46-1), to fully and finally resolve Plaintiffs' claims against Defendants, and gave notice of such to this Court on March 2, 2021 (Doc. 39).

On June 8, 2021, this Court entered an Order Granting Plaintiffs' Motion for Preliminary Approval to Class Settlement and Approval of Settlement Administrator and Notice Plan (the "**Preliminary Approval Order**") (Doc 48). Among other things, the Preliminary Approval Order authorized Plaintiffs to disseminate notice of the settlement, the Final Approval Hearing, and related matters, to the Settlement Class.

On August 3, 2021, Plaintiffs submitted their Motion for Final Approval of the Class Action Settlement (the "**Motion**") (Doc. 54) and, thereafter, submitted supplemental briefing regarding the Settlement Class's reaction to the settlement (Doc. 65). No objections were submitted.

On November 18, 2021, this Court held a Final Approval Hearing to determine whether the terms of the Settlement Agreement were fair, reasonable, and adequate for the settlement of all claims asserted by the Settlement Class against Defendants.

This Court has considered the Motion, the lack of any objections from the Settlement Class, oral argument presented at the Final Approval Hearing, and the complete record and files in this Litigation.

THEREFORE, IT IS ORDERED, AJUDGED, AND DECREED:

1. This Court has subject-matter jurisdiction over this Litigation pursuant to 28 U.S.C. §§ 1332 and 1367 and personal jurisdiction over the Parties, including all Settlement Class Members, for all matters relating to this Litigation and the settlement, including, without limitation, the administration, interpretation, effectuation, and/or enforcement of the settlement, this Final Approval Order, and the Final Judgment.

2. This Final Approval Order incorporates the Settlement Agreement and its Exhibits and the Preliminary Approval Order and its Exhibits. Unless otherwise defined herein, capitalized terms have the same meanings as defined in the Settlement Agreement.

**I.   FINAL APPROVAL OF SETTLEMENT**

3. The provisions of the Settlement Agreement are hereby finally approved. Upon review of the record, including the Preliminary Approval Order (Doc. 48), the arguments and information presented at the November 18, 2021 Final Approval Hearing, and the findings made

as a result of the November 18, 2021 Final Approval Hearing, the Court concludes that the settlement is fair, reasonable, and adequate within the meaning of Federal Rule 23 and in the best interests of the Settlement Class based on analysis of the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974):

    a. The Settlement Agreement was procedurally fair and attained following an extensive investigation of the facts;

    b. The Settlement Agreement resulted from vigorous arm's-length negotiations aided by an experienced mediator, Honorable Morton Denlow (Ret.);

    c. The negotiations were undertaken in good faith by counsel with significant experience litigating complex litigation, class actions, and false advertising cases; and

    d. There is no evidence of collusion in reaching this Settlement Agreement.

    4.    Pursuant to Fed. R. Civ. P. 23(e), the Court hereby finally approves in all respects the settlement and finds that the settlement, the benefits to the Settlement Class Members, and all other aspects of the settlement are, in all respects, fair, reasonable, and adequate, and in the best interests of the Settlement Class, within a range that responsible and experienced attorneys could accept considering all relevant risks and factors and the relative merits of Plaintiffs' claims and GSK's defenses, and are in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and the Class Action Fairness Act. Accordingly, the settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

5.      The Class Representatives (as defined in the Preliminary Approval Order), Co-Lead Class Counsel, and GSK are directed to consummate the settlement in accordance with the terms and provisions of the Settlement Agreement.

## II.     CERTIFICATION OF THE SETTLEMENT CLASS

6.      In the Preliminary Approval Order, the Court certified the following Settlement Class:

> All individuals who purchased Benefiber Healthy Shape Prebiotic Powder Fiber Supplement, Benefiber Original Prebiotic Powder Fiber Supplement, Benefiber Sugar-Free Powder Fiber Supplement, Benefiber Prebiotic Powder Fiber Supplement On-The-Go Stick Packs (Flavored or Unflavored), and/or Benefiber Prebiotic Fiber Supplement Chewables for personal or household use, and not for resale, in the United States during the Class Period. Specifically excluded from the Class are (1) GSK, its officers, directors, affiliates, legal representatives, employees, successors, and assigns, and entities in which GSK has a controlling interest; (ii) judges presiding over the Litigation; and (iii) local, municipal, state, and federal governmental entities.[1]

7.      Certification of the Settlement Class is hereby reaffirmed as a final Settlement Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3) for the same reasons set forth in the Court's Preliminary Approval Order.

8.      The Court previously appointed Susan Swetz and Philip White as Class Representatives of the Settlement Class, and hereby reaffirms that appointment.

9.      The Court previously appointed Jason Sultzer, The Sultzer Law Group P.C.; Melissa Weiner, Pearson, Simon & Warshaw, LLP; Doug McNamara, Cohen Milstein Sellers & Toll PLLC; Gary Mason, Mason Lietz & Klinger LLP; Charles Schaffer, Levin Sedran & Berman;

---

[1] The Court provisionally certified this Settlement Class in the Preliminary Approval Order, dated June 8, 2021 (Doc. No. 48). And as defined in the Settlement Agreement, the term "Class Period" means the time period from June 19, 2014 through the Preliminary Approval Date, June 8, 2021.

Ryan Clarkson and Katherine Bruce, Clarkson Law Firm, P.C.; and Chris Moon, Moon Law APC as Co-Lead Class Counsel, and hereby reaffirms that appointment.

10. The Court finds that the requirements of Rule 23 are satisfied, solely for the purpose of effectuating the settlement, as follows:

    a. Pursuant to Rule 23(a)(1), the Court determines that the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable;

    b. Pursuant to Rule 23(a)(2), the Court determines that there are questions of law and fact that are common to the Settlement Class;

    c. Pursuant to Rule 23(a)(3), the Court determines that the Class Representatives' claims are typical of the claims of the Settlement Class Members;

    d. Pursuant to Rule 23(a)(4), the Court determines that Class Representatives and Class Counsel have fairly and adequately represented the interests of the Settlement Class and will continue to do so;

    e. Pursuant to Rule 23(b)(3) the Court determines that the common questions of law and fact predominate over questions affecting any individual Settlement Class Member;

    f. Pursuant to Rule 23(b)(3), the Court determines that a class resolution provides a fair and efficient method for settling the controversy and is superior to other available methods for the fair and efficient adjudication of this Litigation.

11. If the Effective Date does not occur, then certification of the Settlement Class shall be deemed null and void as to the parties subject to the Settlement Agreement without the need for further action by this Court.

### III. CLASS NOTICE

12. The Preliminary Approval Order outlined the form and methods by which Plaintiffs would provide the Settlement Class with Notice of the Settlement Agreement, the Final Approval Hearing, and related matters (Doc. No. 48), and which is incorporated by reference.

13. The Notice Plan provided for notice through a nationwide press release; direct notice through electronic mail, or in the alternative, mailed, first-class postage prepaid for identified Settlement Class Members; notice through electronic media—such as Google Display Network and Facebook—using a digital advertising campaign with links to the dedicated Settlement Website; and a toll-free telephone number that provides Settlement Class Members detailed information and directs them to the Settlement Website. The record shows, and the Court finds, that the Notice Plan has been implemented in the manner approved by the Court in its Preliminary Approval Order.

14. The Court finds that the Notice Plan constitutes: (i) the best notice practicable to the Settlement Class under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of this Litigation and the terms of the Settlement Agreement, their right to exclude themselves from the settlement, or to object to any part of the settlement, their right to appear at the Final Approval Hearing (either on their own or through counsel hired at their own expense), and the binding effect of the Final Approval Order and the Final Judgment, whether favorable or unfavorable, on all Persons who do not exclude themselves from the Settlement Class; (iii) due, adequate, and sufficient notice to all Persons entitled to receive notice; and (iv) notice that fully satisfies the requirements of the United States Constitution (including the Due Process Clause), Fed. R. Civ. P. 23, and any other applicable law. The Court notes that no objection was submitted concerning the Notice Plan.

15. The Court finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Furthermore, the Court has given the appropriate state and federal government officials the requisite ninety (90) day period to comment on or object to the settlement before entering its Final Approval Order and Final Judgment.

16. Due and adequate notice of the proceedings having been given to the Settlement Class and a full opportunity having been offered to Settlement Class Members to participate in the Final Approval Hearing, it is hereby determined that all Settlement Class Members are bound by this Final Approval Order and Final Judgment except for Holly R. McKittrick (Alabama) who timely and validly opted out of the settlement.[2]

17. No Settlement Class Member is relieved from the terms of the Settlement Agreement, including the Release provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual notice of the settlement. A full opportunity has been offered to Settlement Class Members to object to or opt out of the proposed Settlement Agreement and to participate in the Final Approval Hearing thereon.

18. Any Settlement Class Member who did not submit a timely and valid Claim Form is not entitled to receive any of the proceeds from the Net Settlement Fund, but is otherwise bound by all of the terms in the Settlement Agreement, including the terms of the Final Judgment and the Release provided for in the Settlement Agreement, and therefore is barred from bringing or participating in any action in any forum against the Released Parties concerning the Released Claims.

---

[2] The Court further finds that Bernadine Quirke (Florida) submitted a request for exclusion that did not comply with the Preliminary Approval Order and is invalid as a result.

## IV. OTHER PROVISIONS

19. This Litigation is hereby dismissed with prejudice on the merits and without costs to any Party or Person, except as otherwise provided herein or in the Settlement Agreement.

20. The Court finds and confirms that the Settlement Escrow Account is a "qualified settlement fund" as defined in Section 1.468B-1 through 1.468B-5 of the Treasury Regulations.

21. The Court shall retain continuing jurisdiction over the Settlement Escrow Account, pursuant to Section 1.468B-1(c)(1) of the Treasury Regulations.

22. Under the "relation back" rule provided under Section 1.468B-1(j)(2)(i) of the Treasury Regulations, the Court finds that GSK and the Settlement Administrator may jointly elect to treat the Settlement Escrow Account as coming into existence as a "qualified settlement fund" on the latter of the date the Settlement Escrow Account meets the requirements of Paragraph 14 of the Preliminary Approval Order or January 1 of the calendar year in which all of the requirements of Paragraph 14 of the Preliminary Approval Order are met. If such a relation-back election is made, the assets held in the Settlement Escrow Account on such date shall be treated as having been transferred to the Settlement Escrow Account on that date.

23. Upon the occurrence of the Effective Date, all Settlement Class Members, on behalf of themselves and their agents, heirs, executors and administrators, successors, assigns, insurers, and representatives (the "Releasing Parties"), shall release and forever discharge GSK, and its administrators, insurers, reinsurers, agents, firms, parent companies/corporations, sister companies/corporations, subsidiaries, affiliates, and joint venture partners, and any sales agents and distributors, wholesalers, retailers, or any other party in the chain of distribution and retail sale of the Covered Products, and all of the foregoing Persons' respective predecessors, successors, assigns and present and former officers, directors, shareholders, employees, agents, attorneys,

insurers, and representatives (collectively, the "Released Parties"), from each and every claim of liability, on any legal or equitable ground whatsoever, including relief under federal law or the laws of any state, regarding or related to the Covered Products, including without limitation, their manufacture, purchase, use, marketing, promotion, or sale, and including without limitation, all past, present, or future claims, damages, or liability on any legal or equitable ground whatsoever, known or unknown, that were or could have been asserted in the Lawsuit based on any assertion or contention that the Covered Products, including their packaging, labels, sale, warranties, and/or any advertising or marketing whatsoever, was inaccurate, misleading, false, deceptive, fraudulent, or breached.

24. All personal injury claims are expressly excluded from the Release.

25. All Releasing Parties will be deemed by the Final Approval Order and the Final Judgment to acknowledge and waive Section 1542 of the California Civil Code, which provides that: "**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY**." Plaintiffs and the Settlement Class Members, on behalf of all Releasing Parties, expressly waive and relinquish any and all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code, or any other law of any state or territory that is similar, comparable or equivalent to Section 1542, to the fullest extent they may lawfully waive such rights or benefits pertaining to the Released Claims. In connection with such waiver and relinquishment, the Settlement Class Members hereby acknowledge that the Releasing Parties

are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those that they now know or believe exist with respect to Released Claims, but that it is their intention to hereby fully, finally, and forever settle and release all of the Released Claims known or unknown, suspected or unsuspected, that they have against the Released Parties. In furtherance of such intention, the Release herein given by the Releasing Parties to the Released Parties shall be and remain in effect as a full and complete general release notwithstanding the discovery or existence of any such additional different claims or facts. Each Party expressly acknowledges that it has been advised by its attorneys of the contents and effect of Section 1542, and with knowledge, each of the Parties hereby expressly waives whatever benefits it may have had pursuant to such section. Plaintiffs acknowledge, and the Releasing Parties shall be deemed by operation of the Final Approval Order and the Final Judgment to have acknowledged, that the foregoing waiver was expressly bargained for and a material element of the settlement of which this Release is a part.

26. The Court orders that, upon the Effective Date, the Settlement Agreement shall be the exclusive remedy for any and all Released Claims. The Court thus hereby permanently bars and enjoins Plaintiffs, all Settlement Class Members, and all Persons acting on behalf of, or in concert or participation with such Plaintiffs or Settlement Class Members (including but not limited to the Releasing Parties), from: (a) filing, commencing, asserting, prosecuting, maintaining, pursuing, continuing, intervening in, or participating in, or receiving any benefits from, any lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based upon or asserting any of the Released Claims against any Released Party; (b) bringing a class action on behalf of Plaintiffs or Settlement Class Members, seeking to certify a class that includes Plaintiffs or Settlement Class Members, or continuing to prosecute or participate

10
ORDER GRANTING FINAL APPROVAL TO CLASS ACTION
SETTLEMENT AND CERTIFYING SETTLEMENT CLASS

in any previously filed and/or certified class action, and/or in any lawsuit based upon or asserting any of the Released Claims. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this permanent injunction is necessary and appropriate in aid of its continuing jurisdiction and authority over the Settlement Agreement and the Litigation.

27. Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations, or proceedings connected with it, nor any of the documents or statements referred to therein, nor any of the documents or statements generated or received pursuant to the claims administration process, shall be:

    a. offered by any Person or received against GSK or any Released Party as evidence or construed or deemed as evidence of any presumption, concession, or admission by GSK or any Released Party of the truth of the facts alleged by the Plaintiffs or any Settlement Class Member or the validity of any claim that has been or could have been asserted in this Litigation or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in this Litigation or in any litigation, or of any liability, negligence, fault or wrongdoing of GSK or any Released Party;

    b. offered by any Person or received against GSK or any Released Party as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by GSK or any Released Party or any other wrongdoing by GSK or any Released Party; or offered by any Person or received against GSK or any Released Party as evidence of a presumption, concession, or admission with respect to any default, liability, negligence, fault,

or wrongdoing, or in any way interpreted, construed, deemed, invoked, offered, received in evidence, or referred to for any other reason against any of the settling parties, in any civil, criminal, or administrative action or proceeding; provided, however, that nothing contained herein shall prevent the Settlement Agreement (or any agreement or order relating thereto) from being used, offered, or received in evidence in any proceeding to approve, enforce, or otherwise effectuate the settlement (or any agreement or order relating thereto), the Final Approval Order, or the Final Judgment, or in which the reasonableness, fairness, or good faith of the Parties in participating in the settlement (or any agreement or order relating thereto) is an issue, or to enforce or effectuate provisions of the Settlement Agreement, the Final Approval Order, the Final Judgment, or the Release as to GSK, the Released Parties, Plaintiffs, or the Settlement Class Members.

28. GSK releases Plaintiffs and Settlement Class Counsel from any and all claims that arise out of or relate in any way to the institution, prosecution, or settlement of the Released Claims.

29. The finality of the Final Approval Order and Final Judgment shall not be affected by any order entered regarding the Settlement Class Counsels' motion for attorneys' fees and expenses and/or any order entered regarding the incentive awards to the Settlement Class Representatives, which shall be considered separate from the Final Approval Order and Final Judgment.

30. If the Effective Date does not occur, the Final Judgment shall be deemed vacated and shall have no force or effect whatsoever. In the event that the parties rescind the Settlement

Agreement in accordance with its terms, the Settlement Agreement and all related proceedings shall be null and void, except as provided in the Settlement Agreement, without prejudice to the status quo and rights of the parties. In such event, the certification of the Settlement Class shall become null and void and shall not be used or referred to for any further purpose in the Litigation or in any other action or proceeding, and shall not prejudice any party in arguing for or against the contested class certification in the Litigation or in any other proceeding. Further, in the event that the parties rescind the Settlement Agreement in accordance with its terms, any and all amounts then constituting the Settlement Fund (including all income earned thereon but excluding any taxes already paid on such income), shall be returned to GSK pursuant to the terms of the Settlement Agreement.

31. The Court has jurisdiction to enter this Final Approval Order and the accompanying Final Judgment. Without in any way affecting the finality of this Final Approval Order or the Final Judgment, this Court expressly retains exclusive and continuing jurisdiction over the settlement, including all matters relating to the administration, consummation, validity, enforcement and interpretation of the Settlement Agreement, the Final Approval Order, or the Final Judgment, including, without limitation, for the purpose of:

    a. enforcing the terms and conditions of the Settlement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement, the Final Approval Order, or the Final Judgment (including, whether a Person is or is not a Settlement Class Member);

    b. entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate the Final Approval Order, the Final Judgment, or the

Settlement Agreement, or to ensure the fair and orderly administration of the settlement; and

c. entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction over the Settlement Agreement, the Final Approval Order, or the Final Judgment.

32. Without affecting the finality of this Final Approval Order or the Final Judgment, GSK and each Settlement Class Member hereby irrevocably submits to the exclusive jurisdiction of the Court for any suit, action, proceeding, or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement, including any suit, action, proceeding, or dispute relating to the Release provisions herein.

33. The Parties are hereby directed to implement and consummate the settlement according to the terms and provisions of the Settlement Agreement.

34. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement. Likewise, the Parties may, without further order of the Court or notice to the Settlement Class, agree to and adopt such amendments to the Settlement Agreement (including exhibits) as are consistent in material respects with this Final Approval Order and the Final Judgment and that do not limit the rights of Settlement Class Members under the Settlement Agreement.

35. In the event that the Effective Date does not occur, certification of the Settlement Class shall be automatically vacated and the Final Approval Order and Final Judgment, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.

36. The Clerk of the Court is hereby directed to CLOSE THIS FILE.

IT IS SO ORDERED.

Dated: November 22, 2021

_____
HON. NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE