UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSAN SWETZ, individually on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GSK Consumer Health, Inc.,<br><br>Defendant. | Case No.: 7:20-cv-04731-NSR |

**ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COST, AND SERVICE AWARDS**

<u>NELSON S. ROMÁN</u>, United States District Judge:

Susan Swetz ("**Plaintiff**"), along with Plaintiff Phillip White in *White v. GlaxoSmithKline Consumer Healthcare Holdings (US) LLC*, Case No. 5:20-cv-04048-SVK (N.D. Cal.) ("***White***") (together, Plaintiff and White are "**Plaintiffs**"), filed their Motion for Attorneys' Fees, Litigation Costs, and Service Awards on August 3, 2021 (the "**Motion**") (Doc. 64). Having considered the Settlement Agreement (the "**Settlement Agreement**") (Doc. 46-1); the Motion, memorandum of law, supporting declarations and exhibits; the lack of any opposition or objection to the Motion; all arguments presented at any hearing of this matter; all relevant papers on file herein; and finding good cause appearing hereby ORDERS:

1. This Court has subject-matter jurisdiction over this Litigation pursuant to 28 U.S.C. §§ 1332 and 1367 and personal jurisdiction over the Parties, including all Settlement Class Members, before it.

2. Unless otherwise defined herein, the Court adopts the terms and definitions set forth in the Settlement Agreement.

3. Counsel for the Settlement Class[1] ("**Class Counsel**") provided adequate Notice of the Fee and Expense Application to the potential class members in a reasonable manner, and such Notice complies with Federal Rules of Civil Procedure 23(h)(1) and due process. The Notice provided to all potential class members stated that Class Counsel Class could seek attorneys' fees up to 33 1/3% of the Settlement Fund plus litigation costs, and further directed Settlement Class Members to a website on which the full Motion was accessible as of August 3, 2021 (Doc. 63). Settlement Class Members were given the opportunity to object to the Motion in compliance with Rule 23(h)(2), however no objections to the fee and expense provision of the Settlement Agreement or Motion were made.

4. I hereby award **$2,166,666.00** in attorneys' fees (33 1/3% of the total Settlement Fund) to Class Counsel. As of August 1, 2021, Class Counsel, collectively, have devoted approximately 2,086.06 hours, with a lodestar of $1,573,594.50, to achieve the Settlement in this Litigation. This award represents a total multiplier of approximately 1.37. Having reviewed Class Counsel's Motion, the Court finds the requested amount of attorneys' fees to be fair, reasonable, and appropriate pursuant to *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000), and applicable case law. The Court analyzed each *Goldberger* factor in detail at the November 18, 2021 Final Approval Hearing, and incorporates those findings by reference.

---

[1] As used herein and as appointed by the Court (Doc. 46-1; Doc. 48), "Settlement Class Counsel" refers to Jason Sultzer, The Sultzer Law Group P.C.; Melissa Weiner, Pearson, Simon & Warshaw, LLP; Doug McNamara, Cohen Milstein Sellers & Toll PLLC; Gary Mason, Mason Lietz & Klinger LLP; Charles Schaffer, Levin Sedran & Berman; Ryan Clarkson and Katherine Bruce, Clarkson Law Firm, P.C.; and Chris Moon, Moon Law APC.

5. The Court also finds that Class Counsel have incurred **$22,903.98** in litigation costs. All of these costs were reasonably incurred in the ordinary course of prosecuting this case and were necessary given the complex nature and scope of this case. The Court finds that Class Counsel are entitled to reimbursement for these costs and incorporates by reference the findings made at the November 18, 2021 Final Approval Hearing.

6. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

   a. The Settlement Agreement created a Settlement Fund of $6,500,000.00 in cash for the benefit of the Settlement Class pursuant to the terms of the Settlement Agreement;

   b. Settlement Class Members who submitted timely and valid Claim Forms benefited from the Settlement Agreement because of the efforts of the Class Counsel and the Class Representative Plaintiffs;

   c. Settlement Class Members, regardless of whether they submit a Claim Form, will benefit from the cessation of the challenged "100% Natural" and "clinically proven to cure cravings" statements from GSK's future marketing of the Covered Products through the avoidance of economic losses stemming from any deception entailed in such claims;

   d. The fee sought by Class Counsel is fair and reasonable;

   e. Class Counsel have prosecuted the Litigation with skill, perseverance, and diligence, as reflected by the Settlement Fund achieved and the positive reception of the Settlement Agreement by the Settlement Class;

    f. This Litigation involved complex factual and legal issues that were extensively researched and developed by Class Counsel;

    g. Had the Settlement Agreement not been achieved, a significant risk existed that Plaintiffs and the Class Members may have recovered significantly less or nothing from GSK;

    h. Public policy considerations support the requested fees; and

    i. The amount of attorneys' fees awarded and expenses reimbursed is appropriate to the specific circumstances of this Litigation.

7. Class Counsel shall allocate the awarded attorneys' fees and expenses among Counsel in a manner in which, in their judgment, reflects the contributions of such counsel to the prosecution and settlement of this Litigation.

8. The Court further approves an incentive award of $3,000 for each of the two Settlement Class Representative for their active participation in this Litigation. This incentive award is justified by: (1) the risks Class Representative Plaintiffs faced in bringing this lawsuit, financial and otherwise; (2) the amount of time and effort spent on this Litigation by the Class Representative Plaintiffs; and (3) the benefits the Class Representative Plaintiffs helped obtain for the Settlement Class Members under the Settlement Agreement. The Court incorporates by reference the findings made at the November 18, 2021 Final Approval Hearing.

9. The Attorneys' Fee, Cost, and Service Award set forth in this Order shall be paid and distributed in accordance with the terms of the Settlement Agreement.

IT IS SO ORDERED.

Dated: November 22, 2021

                                                                   HON. NELSON S. ROMÁN
                                                                   UNITED STATES DISTRICT JUDGE